EXHIBIT A

PRIVATE PROCESS

Case Number: 2020-CI-23632

2020CI23632  S00002

**SUSAN GRANT**

**VS.**

**NELDA CASAS ET AL**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:  DOLGENCORP OF TEXAS INC DBA DOLLAR GENERAL
DBA DOLLAR GENERAL CORPORATION-BY SRVG ITS REG AGENT CORP
SRVC COMP DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUEST FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUEST FOR DISCLOSURE  was filed on the 8th day of December, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 11TH DAY OF DECEMBER A.D., 2020.

NICHOLAS R MORALES
ATTORNEY FOR PLAINTIFF
16500 SAN PEDRO AVE 302
SAN ANTONIO, TX 78232-2253



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Leticia Leija*, Deputy

---

**SUSAN GRANT**
VS
**NELDA CASAS ET AL**

**Officer's Return**

Case Number: 2020-CI-23632
Court: 224th Judicial District Court

I received this CITATION on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUEST FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)

FILED
12/8/2020 4:58 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

**wjd**

CAUSE NO. **2020CI23632**

| | | |
|---|---|---|
| SUSAN GRANT | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | **224th** JUDICIAL DISTRICT |
| | § | |
| NELDA CASAS AND | § | |
| DOLGENCORP OF TEXAS, INC. | § | |
| D/B/A DOLLAR GENERAL, | § | |
| D/B/A DOLLAR GENERAL CORPORATION | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

NOW COMES SUSAN GRANT ("Plaintiff") complaining of and about NELDA CASAS ("Defendant Casas") and DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL, D/B/A DOLLAR GENERAL CORPORATION ("DOLGENCORP"), and for cause of action would respectfully show the Court and Jury the following:

### I.

### DISCOVERY CONTROL PLAN LEVEL

Discovery will be conducted under Level 3, pursuant to the Texas Rules of Civil Procedure.

### II.

### PARTIES AND SERVICE

Plaintiff, SUSAN GRANT, is a resident of Bexar County, Texas.

Defendant, NELDA CASAS, is a resident of Bexar County, Texas and may be served with process herein at 1034 Tecumseh Drive, San Antonio, Texas 78260 or wherever she may be found.

Defendant, DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL, D/B/A DOLLAR GENERAL CORPORATION, is a foreign limited liability company duly authorized and licensed to do business in the State of Texas, which may be served with process herein by serving

its registered agent for service of process:  Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### III.

### JURISDICTION AND VENUE

Venue is proper in Bexar County, Texas because Bexar County is the county where the Defendant resided or had a principle place of business in Texas at the time this action occurred.

### IV.

### MISNOMER, ALTER-EGO, ASSUMED NAME

In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### V.

### FACTS

Plaintiff, on or about February 6, 2019, during normal business hours, came upon the business premises known as Dollar General, located at 5603 Stahl Road, San Antonio, Texas 78247, which was occupied, maintained, or otherwise under the control, actual or constructive, of Defendant, DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL, D/B/A DOLLAR GENERAL CORPORATION. During the course of her visit at Dollar General, Plaintiff suddenly and expectantly tripped and fell over scattered merchandise and boxes left in the aisles obstructing customer traffic causing severe bodily injury. Defendant Nelda Casas was the manager, employed by Defendant Dolgencorp, who was stocking shelves in the aisle where Plaintiff fell and was responsible for leaving the boxes and merchandise out, obstructing the walkway.  DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL, D/B/A DOLLAR GENERAL CORPORATION, at the time, had extended an open invitation to the public, including Plaintiff, to enter the premises.

Consequently, Plaintiff was an invitee to whom Defendants owed a duty to use ordinary care and including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence. Defendant Dolgencorp is liable under premise liability law. Defendant Casas is liable for negligence. Defendant Dolgencorp is liable under respondeat superior for the negligence of Defendant Casas, an employee in course and scope.

## VI.

Plaintiff, while upon Defendant Dolgencorp's premises, suffered serious and permanent bodily injuries as a direct result of a fall proximately caused by the dangerous condition on the floor which Defendant Dolgencorp and their agents, servants, and employees knew or, in the exercise of ordinary care, should have known existed. Defendant Casas was negligent in leaving objects that obstructed a walkway without making any efforts to alleviate the risk she had created.

## VII.

Plaintiff alleges that the Defendant Casas was negligent in creating an unsafe condition which she knew was unsafe and making no efforts to eliminate the risk of harm. Plaintiff alleges that Defendant Dolgencorp, either individually, or by and through their agents, servants, representatives and/or employees negligently allowed the area to become unreasonably dangerous, negligently permitted such dangerous condition to exist, and negligently failed to warn Plaintiff of the condition of the area despite the fact that the Defendants and their agents, servants, and/or employees knew, or in the exercise of ordinary care, should have known such condition existed, and that there was a likelihood of someone being injured as happened to Plaintiff. Plaintiff further alleges that the condition in the area had continued for such a period of time that it would have been remedied if Defendants and their agents, servants, and/or employees had exercised ordinary care in the maintenance of the premises. Plaintiff suffered serious bodily injuries due to the unreasonably

dangerous condition of the premises, and Defendants are liable for Plaintiff's injuries and damages under theories of vicarious liability, including but not limited to, *respondeat superior.*

## VIII.

Defendant Dolgencorp and their agents, servants, representative and/or employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward Plaintiff in one or more of the following respects:

1. in failing to maintain reasonably safe premises;

2. in creating a unsafe or unreasonably dangerous condition;

3. in failing to inspect the premises in order to discover the dangerous condition on the premises;

4. in failing to correct and make the dangerous condition safe;

5. in failing to warn invitees, including Plaintiff, that a dangerous condition existed;

6. in failing to meet industry standards applicable to customers and areas of ingress/egress; and/or

7. in failing to adhere to international, state, local and/or municipal building code applicable to invitees and areas used for ingress and egress.

Plaintiff alleges that each and every, all and singular, of the aforementioned acts and/or omissions on the part of Defendant Dolgencorp and their agents, servants, and employees constitute negligence which was the direct and proximate cause of the injuries and damages sustained by Plaintiff as more fully set forth below.

## IX.

Plaintiff alleges that each and every, all and singular, of the aforementioned acts and/or omissions on the part of Defendant Dolgencorp and their agents, servants, and employees constitute negligence which was and is the direct and proximate cause of the injuries and damages sustained by Plaintiff hereinafter set out.

**X.**

Plaintiff would show that as a direct result of the negligence of Defendants and their agents, employees, and servants, Plaintiff was caused to suffer serious and permanent personal injuries to her body generally.

**XI.**

Plaintiff, as a direct and proximate result of the fall and the aforementioned negligence of Defendants, has incurred the following damages:

1.   reasonable and necessary medical expenses in the past;

2.   reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;

3.   physical pain suffered in the past;

4.   physical pain which, in all reasonable probability, will be suffered in the future;

5.   mental anguish suffered in the past;

6.   mental anguish which, in all reasonable probability, will be suffered in the future;

7.   physical impairment in the past;

8.   physical impairment which, in all reasonable probability, will be suffered in the future;

9.   disfigurement suffered in the past; and

10.  disfigurement which, in all reasonable probability, will be suffered in the future.

**XII.**

**DISCOVERY PROPOUNDED UPON DEFENDANT**

Under the Texas Rule of Civil Procedure 194, Defendant, is requested to disclose within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## XIII.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $200,000.00 but not more than $1,000,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XIV.

Under the authority of Texas Rules of Civil Procedure 193.7, Plaintiff gives notice of her intent to use documents produced by any and all parties in response to written discovery at the trial of this case.

## XV.

### PRAYER

Plaintiff, because of the above, has been damaged and will be damaged in an amount, deemed just and fair by the Jury, which will be a sum within the jurisdictional limits of the Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against Defendant for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:     (210) 490-4357
Telefacsimile:  (210) 490-8372
Email: michael@krwlawyers.com
Email: nicholas@krwlawyers.com

BY:       _____/S/ _Nicholas Morales_____
          MICHAEL R. ROWLAND
          State Bar No. 24027824
          NICHOLAS MORALES
          State Bar No. 24088827

          ATTORNEY FOR PLAINTIFF

**PLAINTIFF RESPECTFULLY REQUESTS A JURY TRIAL**